NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

---

JOSEPH T. AUSTIN,          :

        Petitioner,    :     Civil Action No.
                      :     12-6605 (PGS)

       v.           :

STATE OF NEW JERSEY et al.,  :

        Respondents.   :     **OPINION**

---

    Petitioner filed a <u>pro se</u> petition, pursuant to 28 U.S.C. § 2254, challenging his state-imposed sentence.  <u>See</u> Docket Entry No. 1.  Petitioner had already filed a § 2255 petition raising such a challenge.  <u>See</u> <u>Austin v. Ricci</u> ("<u>Austin-I</u>"), Civil Action No. 07-4428 (MLC)(DNJ).

    In that prior action, Petitioner was advised, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), about the consequences of filing a § 2254 application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), and he was given an opportunity to file one all-inclusive § 2254 Application.  <u>See</u> <u>Austin-I</u>, Docket Entry No. 3.  Thereafter, Petitioner had his <u>Austin-I</u> petition dismissed on merits.  <u>See</u> <u>id.</u>, Docket Entries Nos. 19 and 20.  The United States Court of Appeals for the Third Circuit denied him a certificate of appealability in that case. <u>See</u> <u>id.</u>, Docket Entry No. 23.

United States Code Title 28, Section 2244(b)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1]

Courts are in agreement that a prior dismissal of § 2254 petition on the merits renders a later-filed petition "second or successive." See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) ("[F]or a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits"); Hart v. Warden, FCI Schuylkill, No 09-0192, 2009 U.S. Dist. LEXIS 124755, at *4-5 (M.D. Pa. April 30, 2009) (relying on McCleskey v. Zant, 499 U.S. 467, 483 (1991), in order to provide an exhaustive treatment of the issue).

---

[1] The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." Panetti v. Quarterman, 551 U.S. 930, 944 (2007); see also Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); Slack v. McDaniel, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

Here, Petitioner's <u>Austin-I</u> action was adjudicated on the merits. Therefore, his instant petition is second/successive.

If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; <u>see</u> <u>also</u> <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.")

Here, Petitioner does not assert that he has received permission to file the petition at bar from the United States Court of Appeals for the Third Circuit. Moreover, this Court finds that it is not in the interest of justice to transfer this action to the Court of Appeals, pursuant to 28 U.S.C. § 1631, since Petitioner was already denied a certificate of appealability as to his substantively identical <u>Austin-I</u> challenges.

Accordingly, the petition at bar will be dismissed as an unauthorized second or successive petition, without prejudice to

Petitioner applying to the Court of Appeals for authorization to file a second or successive petition.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 484.

Here, jurists of reason would not disagree with this Court's procedural ruling. Therefore, the Court will dismiss the petition, and no certificate of appealability will issue.

4

An appropriate Order follows.

_____
**Peter G. Sheridan,**
**United States District Judge**

Dated: 5/14/13